United States District Court

Eastern District of California

Spencer E. Berry,

        Plaintiff,                    No. Civ. S 04-0366 GEB PAN P

  vs.                                Order

Cheryl Pliler, et al.,

        Defendants.

-oOo-

    Plaintiff is a prisoner, without counsel, prosecuting this civil rights action on the claim defendants Burciaga, Pliler, Rosario and Vance were deliberately indifferent to serious risks to plaintiff's safety. Plaintiff alleges all defendants knew of recent, escalating attacks with prison-made weapons between hispanic and white prisoners and that a security door between two sections of the prison did not lock properly. When Burciaga released plaintiff to the shower, two hispanic prisoners entered the shower area through the unlocked door and attacked plaintiff,

stabbing him repeatedly.  Pursuant to Fed. R. Civ. P. 37(a)(2)(B), plaintiff moves to compel defendants to respond to requests for production of documents.

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  Fed. R. Civ. P. 26(b)(1).  Information sought need not be admissible at trial if the discovery is reasonably calculated to lead to the discovery of admissible evidence.  Id.  The court may limit discovery if it determines the discovery sought is unreasonably cumulative or obtainable from a more convenient or less expensive source, the party seeking discovery had ample opportunity to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2).  A party has a continuing duty to supplement, correct or amend discovery responses if the court so orders or if the party learns the responses were in some material respect incorrect or incomplete and the information has not otherwise been made available to other parties.  Fed. R. Civ. P. 26(e)(2).

Any party may request any other party produce for inspection documents including writings, drawings, graphs, charts or data compilations.  Fed. R. Civ. P. 34(a).  The requesting party must identify the items to be produced and the party upon whom the request is made must make a written response stating that inspection will be permitted as requested, unless the party objects and states the basis therefor.  Fed. R. Civ. P. 34(b).

1  A party may move for an order compelling discovery with
2 respect to objections or other failure to respond to requests to
3 produce documents.  Fed. R. Civ. P. 37(a)(2)(B), 34(b).
4  Plaintiff requests "[c]opies of any and all documents,
5 policy statements, reports and/or other written materials that
6 set forth official duties, policies or standard actions regarding
7 riots or melees, [racially] motivated riots or melees,
8 substantial acts of violence and/or serious injury incidents."
9  Defendants object the information is beyond the scope of
10 discovery.
11  The objection is sustained.  Federal law governs defendants'
12 duty to protect plaintiff, not prison policy statements, etc.
13  Plaintiff requests "[c]opies of any and all documents which
14 contain, mention or discuss staff misconduct reviews of defendant
15 S. Burciaga, in connection with appeal log #SAC-B-03-00378
16 (Exhibit C of Complaint) including but not limited to reviews by
17 the Sac Executive Use of Force (U.O.F.) Review Committee and the
18 Investigative Services Unit (I.S.U.), and the outcome of these
19 reviews whether plaintiff's allegations were substantiated or
20 not."
21  Defendants object plaintiff seeks information outside the
22 scope of discovery.
23  The objection is sustained.
24 ///
25 ///
26 ///

1   Accordingly, plaintiff's April 15, 2005, motion is denied.
2   So ordered.
3   Dated:  November 29, 2005.

                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
                                    Magistrate Judge