United States District Court

Eastern District of California

Spencer E. Berry,

    Plaintiff,                        No. Civ. S 04-0366 GEB PAN P

  vs.                                  Order

Cheryl K. Pliler, et al.,

    Defendants.

-oOo-

    Plaintiff is a prisoner, without counsel, prosecuting this civil rights action on the claim defendants Burciaga, Pliler, Rosario and Vance were deliberately indifferent to plaintiff's safety. Plaintiff alleges all defendants knew of recent, escalating attacks with prison-made weapons between hispanic and white prisoners and that a security door between two sections of the prison did not lock properly. When Burciaga released plaintiff to the shower, two hispanic prisoners entered the shower area through the unlocked door and attacked plaintiff, stabbing him repeatedly. Pursuant to Fed. R. Civ. P. 37(a)(2)(B), plaintiff moves to compel defendants to respond to requests for production of documents. Defendants filed no opposition.

1  Parties may obtain discovery regarding any matter, not
2 privileged, that is relevant to the claim or defense of any
3 party. Fed. R. Civ. P. 26(b)(1). Information sought need not be
4 admissible at trial if the discovery is reasonably calculated to
5 lead to the discovery of admissible evidence. Id. The court may
6 limit discovery if it determines the discovery sought is
7 unreasonably cumulative or obtainable from a more convenient or
8 less expensive source, the party seeking discovery had ample
9 opportunity to obtain the information sought, or the burden or
10 expense of the proposed discovery outweighs its likely benefit.
11 Fed. R. Civ. P. 26(b)(2). A party has a continuing duty to
12 supplement, correct or amend discovery responses if the court so
13 orders or if the party learns the responses were in some material
14 respect incorrect or incomplete and the information has not
15 otherwise been made available to other parties. Fed. R. Civ. P.
16 26(e)(2).
17  Any party may request any other party produce for inspection
18 documents including writings, drawings, graphs, charts or data
19 compilations. Fed. R. Civ. P. 34(a). The requesting party must
20 identify the items to be produced and the party upon whom the
21 request is made must make a written response stating that
22 inspection will be permitted as requested, unless the party
23 objects and states the basis therefor. Fed. R. Civ. P. 34(b).
24  A party may move for an order compelling discovery with
25 respect to objections or other failure to respond to
26 interrogatories or requests to produce documents. Fed. R. Civ.

1  P. 37(a)(2)(B), 33(b)(5), 34(b).

2      Plaintiff requested "[c]opies of the 24 digital photographs
3  C.O. R. Mendoza (Badge # 32616) took of the crime scene, wich
4  [sic] were downloaded into the I.S.U. computer under report #SAC-
5  FAB-02-12-0601 and were not provided in the incident report
6  received from the defendants [sic] counsel upon a previous
7  request for production of documents (see: Request No. 1)."

8      Defendants promised to send plaintiff copies as soon as they
9  were made.  Plaintiff asserts he never received the photographs.

10     Plaintiff has not shown how the photographs are relevant to
11 resolving disputed facts and, therefore, his motion to compel
12 production of the photographs for inspection and copying is
13 denied.

14     Plaintiff requested "copies of repair sheets for <u>all</u> of
15 Facility <u>B</u> cell blocks, reflecting repairs to <u>all</u> doors for the
16 entire year of 2002."

17     Defendants produced the following documents: (1) maintenance
18 work order # 71828 issued December 16, 2002; (2) maintenance work
19 order # 71827 issued December 16, 2002; (3) list of work
20 requested and completed for December 2002, February 2003,
21 September 2003 and October 2003.

22     Plaintiff asserts defendants produced documents they already
23 provided and did not produce the actual maintenance work orders
24 itemized in the list defendants produced.

25     Defendants must produce the work maintenance orders for
26 February 2003, September 2003 and October 2003 only for the door

3

1 in question.

2    For these reasons, plaintiff's June 6, 2005,[1] motion is
3 granted in part and denied in part.  Defendants have 30 days to
4 respond to plaintiff's requests as provided in this order.

5    So ordered.

6    Dated:  November 29, 2005.

                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
                                    Magistrate Judge

---

[1] Discovery closed May 27, 2005.  Plaintiff's motion is timely because he served it May 25, 2005.  See Houston v. Lack, 487 U.S. 266 (1988).