United States District Court

Eastern District of California

Spencer E. Berry,

      Plaintiff,                    No. Civ. S 04-0366 GEB PAN P

  vs.                            Findings and Recommendations

Cheryl Pliler, et al.,

      Defendants.

-oOo-

    Plaintiff is a prisoner who claims defendants Burciaga, Pliler, Rosario and Vance were deliberately indifferent to serious risks to plaintiff's safety.  Plaintiff alleges all defendants knew of recent, escalating attacks with prison-made weapons between hispanic and white prisoners and that a security door between two sections of the prison did not lock properly. When Burciaga released plaintiff to the shower, two hispanic prisoners entered the shower area through the unlocked door and attacked plaintiff, stabbing him repeatedly.  Defendants move for

summary judgment.  Plaintiff opposes.

A party may move, without or without supporting affidavits, for a summary judgment and the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a)-(c).

An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the opposing party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A fact is "material" if it affects the right to recover under applicable substantive law.  Id.  The moving party must submit evidence that establishes the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" that the moving party believes demonstrate the absence of a genuine issue of material fact. Id., at 323.  If the movant does not bear the burden of proof on an issue, the movant need only point to the absence of evidence to support the opponent's burden.  To avoid summary judgment on an issue upon which the opponent bears the burden of proof, the

1  opponent must "go beyond the pleadings and by her own affidavits,
2  or by the "'depositions, answers to interrogatories, and
3  admissions on file,' designate 'specific facts showing that there
4  is a genuine issue for trial.'"  Id., at 324.  The opponent's
5  affirmative evidence must be sufficiently probative that a jury
6  reasonably could decide the issue in favor of the opponent.
7  Matsushita Electric Industrial Co., Inc. v. Zenith Radio
8  Corporation, 475 U.S. 574, 588 (1986).  When the conduct alleged
9  is implausible, stronger evidence than otherwise required must be
10 presented to defeat summary judgment. Id., at 587.
11      Fed. R. Civ. P. 56(e) provides that "supporting and opposing
12 affidavits shall be made on personal knowledge, shall set forth
13 such facts as would be admissible in evidence, and shall show
14 affirmatively that the affiant is competent to testify to the
15 matters stated therein."  Nevertheless, the Supreme Court has
16 held that the opponent need not produce evidence in a form that
17 would be admissible at trial in order to avoid summary judgment.
18 Celotex, 477 U.S. at 324.  Rather, the questions are (1) whether
19 the evidence could be submitted in admissible form and (2) "if
20 reduced to admissible evidence" would it be sufficient to carry
21 the party's burden at trial.  Id., at 327.  Thus, in Fraser v.
22 Goodale, 342 F.3d 1032 (9th Cir. 2003), objection to the opposing
23 party's reliance upon her diary upon the ground it was hearsay
24 was overruled because the party could testify to all the relevant
25 portions from personal knowledge or read it into evidence as
26 recorded recollection.

1    A verified complaint based on personal knowledge setting
2 forth specific facts admissible in evidence is treated as an
3 affidavit.  <u>Schroeder v. McDonald</u>, 55 F.3d 454 (9th Cir. 1995);
4 <u>McElyea v. Babbitt</u>, 833 F.2d 196 (9th Cir. 1987).  A verified
5 motion based on personal knowledge in opposition to a summary
6 judgment motion setting forth facts that would be admissible in
7 evidence also functions as an affidavit.  <u>Johnson v. Meltzer</u>, 134
8 F.,3d 1393 (9th Cir. 1998); <u>Jones v. Blanas</u>, 393 F.3d 918 (9th
9 Cir. 2004).

10   Defects in opposing affidavits may be waived if no motion to
11 strike or other objection is made.  <u>Scharf v. United States
12 Attorney General,</u> 597 F.2d 1240 (9th Cir. 1979) (incompetent
13 medical evidence).

14   The following facts are undisputed:

15   At all times relevant to this action, plaintiff was a
16 prisoner at California State Prison, Sacramento (CSP).  Defendant
17 Burciaga was a guard, defendant Vance was a captain of guards,
18 defendant Rosario was the Chief Deputy Warden and defendant
19 Pliler was the Warden.

20   August 22, 2002, November 19, 2002, November 27, 2002, and
21 December 10, 2002, white and hispanic prisoners were placed on
22 lockdown because of repeated violence between these groups.
23 Plaintiff is white.  His attackers are hispanic.

24   The place where plaintiff was confined was divided into
25 three sections, A, B and C, separated by mechanized doors that
26 guards operated from a remote control panel.  These doors were

4

equipped with sensors connected to indicator lights that showed whether they were open or closed.  December 15, 2002, wires in the control panel were crossed, causing the light signal for the door between sections B and C always to signal the door was open. Defendant Burciaga knew the light was malfunctioning.

December 15, 2002, defendant Burciaga released prisoners for showers one cell at a time in sections B and C.  About 3:00 p.m., Burciaga released plaintiff and his cell mate from cell 116, B-Section.  At 3:02, defendant Burciaga released two hispanics, Reyes and Segovia, from cell 128 of C-Section.  At 3:04, A-Section prisoners returned from the showers to their cells and as Burciaga locked the A-Section cells, he heard scuffling and saw Reyes and Segovia attacking plaintiff.

Defendant Burciaga attempted to sound an alarm but the alarm did not work.  He radioed for assistance and as he reached for a weapon, the alarm sounded and Reyes and Segovia stopped their attack.

The malfunction of the signal light for the door between sections B and C enabled Reyes and Segovia to leave their section and attack plaintiff.

Defendants contend they are entitled to qualified immunity. Defendants are immune from suit for damages insofar as their conduct did not violate plaintiff's clearly established rights. Harlow v. Fitzgerald, 457 U.S. 800 (1982).  In deciding a claim of qualified immunity, the court must first determine whether, in the light most favorable to plaintiff, the facts alleged show

defendants' conduct violated a constitutional right. <u>Saucier v. Katz</u>, 533 U.S. 194 (2001).

Second, the court must determine whether the right defendants are alleged to have violated was clearly established. The dispositive inquiry is whether it would be clear to a reasonable prison official that "his conduct was unlawful in the situation he confronted," by reference to decisional law agreeing that "certain conduct is a constitutional violation under facts not distinguishable in a fair way from the facts presented in the case at hand." <u>Saucier</u>, 533 U.S. at 201. Decisional law need not proscribe the exact conduct in question; it must only make the conduct's unlawfulness apparent. <u>Hope v. Pelzer</u>, 536 U.S. 730 (2002).

The Eighth Amendment requires prison officials to ensure the safety of prisoners, including protecting prisoners from each other. <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994); <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040-42 (9th Cir. 2005); <u>LeMaire v. Maass</u>, 12 F.3d 1444 (9th Cir. 1993). If they fail, they violate the Eighth Amendment only if they were deliberately indifferent to the risk of harm in question viz., they know of it yet fail to take reasonable measures to ensure prisoners' safety. <u>Farmer</u>, 511 U.S. at 837; <u>Wilson v. Seiter</u>, 501 U.S. 294, 302-03 (1991); <u>Hearns v. Terhune</u>, 413 F.3d 1036 (9th Cir. 2005).

Defendants assert that the facts alleged show no violation of plaintiff's rights.

It is undisputed plaintiff is white and his attackers were

hispanic, for months these groups repeatedly attacked each other, they were on lock-down the day of the attack, and plaintiff was housed in a unit separated from his attackers by a security door. Defendant Burciaga released prisoners in different sections one cell at a time, and he released plaintiff two minutes before releasing his attackers. A security door operated from a control panel separated the sections housing plaintiff and his attackers and it was this door, when closed, that made it safe to release plaintiff and his attackers at the same time. But the indicator light on the door control panel was malfunctioning such that guards monitoring the control panel could not rely on it to know whether the door was closed. Defendants Plier and Rosario were charged with the safe operation of the prison. Defendant Vance was in charge of the units in question. Defendant Burciaga knew the light was malfunctioning.

Accepting these facts in the light most favorable to plaintiff, plaintiff's constitutional rights were violated.

Defendants assert it is not clearly established liability would attach where a prisoner attacks another prisoner because of a malfunctioning door.

A reasonable officer in the position of Burciaga and reasonable administrators in the position of Pliler, Rosario and Vance would, if they knew the light was unreliable during a lockdown, take reasonable measures either to fix it or not simultaneously to release antagonistic prisoners separated by the door whose status was indiscernible.

1 For these reasons, I find defendants are not entitled to
2 qualified immunity.
3 Defendants Pliler, Rosario and Vance assert they are not
4 subject to liability because they were supervisors.
5 A person is subject to liability under 42 U.S.C. § 1983 if
6 he commits or directs an act or omission that violates a
7 plaintiff's constitutional rights. Johnson v. Duffy, 588 F.2d
8 740, 743 (9th Cir. 1978); Taylor v. List, 880 F.2d 1040, 1045
9 (9th Cir. 1989). To hold a supervisor liable for the
10 unconstitutional acts of his subordinates, there must be a
11 "causal connection between the supervisor's wrongful conduct and
12 the constitutional violation." Redman v. County of San Diego,
13 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). This connection
14 may be established by showing the supervisor personally
15 participated in or directed the violation, Taylor v. List, 880
16 F.2d 1040, 1045 (9th Cir. 1989), implemented a policy so
17 deficient as to be the moving force of the violation, Hansen v.
18 Black, 885 F.2d 642, 646 (9th Cir.1989), or by omitting to
19 perform an act he was legally required to do, Johnson v. Duffy,
20 588 F.2d 740, 743 (9th Cir. 1978), such as failing to take
21 adequate steps to address a violation of which he knew or should
22 have known, see, Jones v. Williams, 297 F.3d 930, 937 & fn. 4
23 (9th Cir. 2002).
24 Defendants Pliler, Rosario and Vance do not assert they were
25 ignorant of the faulty indicator light, they were not responsible
26 for ensuring the proper functioning of the prison's security

8

1  equipment or that they were not responsible for changing the
2  shower procedures during lockdown given the faulty security
3  equipment.
4      I find there is a genuine dispute about whether defendants
5  were aware of specific facts from which they could infer there
6  existed a serious risk plaintiff would be attacked but failed to
7  take reasonable measures to protect plaintiff.
8      Defendant Burciaga asserts there is no genuine question
9  about whether he was deliberately indifferent.
10     It is undisputed Burciaga knew the indicator light on the
11 control panel was malfunctioning.  Defendant Burciaga adduces no
12 evidence he reported the malfunction to those responsible for
13 ensuring its proper functioning or that he knew it soon would be
14 repaired.
15     I find there is a genuine dispute about whether defendant
16 Burciaga knew of specific facts from which he could infer there
17 was a serious risk plaintiff would be attacked but failed to take
18 reasonable measures to protect plaintiff.
19     For these reasons, defendants' July 26, 2005, motion for
20 summary judgment should be denied and the parties should be
21 directed to file and serve pretrial statements.
22     Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
23 findings and recommendations are submitted to the United States
24 District Judge assigned to this case.  Within 20 days after being
25 served with these findings and recommendations, plaintiff may
26 file written objections.  The document should be captioned

9

"Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated: February 9, 2006.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge